UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, | Case No. 1:25-cv-01138-JLT-CDB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION |
| v. | |
| 2612 BUCK OWENS BLVD. LLC, | **7-DAY DEADLINE** |
| Defendant. | |

On September 7, 2025, Plaintiff Theresa Brooke initiated this action against Defendant 2612 Buck Owens Blvd. LLC. (Doc. 1). The complaint asserts claims for injunctive relief under the Americans with Disabilities Act of 1990 ("ADA") and a claim for statutory damages under California's Unruh Civil Rights Act ("Unruh Act"). *Id.* Plaintiff includes in her complaint a conclusory assertion that "supplemental jurisdiction is appropriate over Plaintiff's Unruh claim" as "there are no compelling reasons to decline jurisdiction." *Id.* at 2.

Based upon the Court of Appeals' opinion in *Vo v. Choi*, this Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case).

In the Unruh Act, a state law cause of action expands the remedies available in a private

1

action. California, in response to the resulting substantial volume of claims asserted under the Unruh Act and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v. Rosas*, 19 F.4th 1202, 1211-12 (9th Cir. 2021). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51[ ], based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

California imposes additional limitations on "high-frequency litigants," defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). Such "high-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *Vo*, 49 F.4th at 1170. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. *See Arroyo*, 19 F.4th at 1206-07, 1212. The Court of Appeals has also expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements." *Vo*, 49 F.4th at 1171. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements. *See generally*, *Arroyo*, 19 F.4th at 1211–12; *Vo*, 49 F.4th at 1171-72.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction. 28 U.S.C.

§ 1367(c). Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

According to the undersigned's review of filings within this Court, on September 7, 2025, Plaintiff Brooke and her attorney of record (Peter Kristofer Strojnik) filed 10 cases asserting ADA and Unruh Act claims in this district. Additionally, a review of the filings within the Central District of California shows over 10 such cases filed by Plaintiff in 2025.

For these reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff is ORDERED to show cause, in writing, no later than **September 16, 2025**, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim;

2. In responding to the show cause order, Plaintiff is further ORDERED to:

    a. identify the amount of statutory damages Plaintiff seeks to recover; and

    b. submit declarations from Plaintiff and Plaintiff's counsel, signed under penalty of perjury, providing all facts necessary for the Court to determine if each is a "high-frequency litigant;"

3. Plaintiff is cautioned that the failure to respond may result in a recommendation to dismiss of the entire action without prejudice. Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); and

4. Further, an inadequate response will result in the Court recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that the Unruh Act and state law claims be dismissed pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated: **September 9, 2025**

UNITED STATES MAGISTRATE JUDGE